UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.
04 10262 DPW

| | |
|---|---|
| ABRAHAM PEREZ-HENRIQUEZ )<br>)<br>Petitioner/Plaintiff )<br>)<br>MAGISTRATE JUDGE Cohen<br>)<br>JOHN ASHCROFT, Attorney General )<br>MICHAEL GARCIA, Assistant Secretary )<br>Of the Bureau of Immigration and Customs )<br>Enforcement; and STEVEN J. FARQUASON, )<br>Interim Director, U.S. Bureau of Customs )<br>Enforcement )<br>)<br>Respondents/Defendant ) | RECEIPT # 53640<br>AMOUNT $ 5<br>SUMMONS ISSUED N/A<br>LOCAL RULE 4.1<br>WAIVER FORM<br>MCF ISSUED<br>BY DPTY. CLK<br>DATE 2/9/04 |

## COMPLAINT FOR DECLARATORY RELIEF, AN EMERGENCY STAY OF DEPORTATION, A PETITION FOR WRIT OF HABEAS CORPUS AND AN ORDER FOR PETITIONER'S RELEASE FROM CUSTODY AND MEMORANDUM OF LAW

The Petitioner/Plaintiff, Abraham PEREZ-HENRIQUEZ, (hereinafter "Perez") A34-002-794 brings this action for declaratory relief to protect his rights under the due process clause of the Fifth Amendment to the United States Constitution and under applicable Federal law. He also seeks review of the decision of the Immigration Judge and the subsequent affirmation of such decision by Board of Immigration Appeals ordering his deportation from the United States.

Mr. Perez respectfully requests this Honorable Court: 1) Issue an Emergency Order staying his removal from the United States; 2) Issue a Writ of Habeas Corpus; and 3) Order that he be released immediately from the Bureau of Immigration and Customs Enforcement Security's custody ("hereinafter "ICE").

Mr. Perez challenges the propriety of the July 8, 2003 Removal Order of the Immigration Judge and the January 12, 2004 and the Board of Immigration Appeals' one sentence, summary affirmation of such decision, both of which constitute a violation of Mr.

Perez' Constitutional right to due process and a full and fair hearing. (Copies of the July 8, 2003 decision of the Immigration Judge, the January 12, 2004 decision of the Board of Immigration Appeals and Mr. Perez' Brief before the Board of Immigration Appeals with citations to the hearing record are attached hereto respectively as Exhibits "A" ,"B" and "C".

## JURISDICTION

1. This action is raised pursuant to the Constitution of the United States, the Immigration and Nationality Act (hereinafter "INA"), as amended, 8 U.S.C. Section 1101 et. seq., and the Administrative Procedure Act ("APA"), 5 U.S.C., Section 701 et. seq. This Honorable Court also has jurisdiction over this matter pursuant to the doctrine of Habeas Corpus, 28 U.S.C., Sections 2241, et. seq., Art. I, Section 9, Clause 2 of the Constitution. Further, this Honorable Court maintains jurisdiction over this case pursuant to 28 U.S.C., Section 1361 and 28 U.S.C., Section 1331, and may grant relief pursuant to the Declaratory Judgment Act, 28 U.S.C., Sections 2201, et. seq., and the All Writs Act, 28 U.S.C., Section 1651.

Most recently, Mr. Perez exhausted his administrative remedies as his Petition for Review and Motion to Stay Deportation before the First Circuit Court of Appeals was denied due to lack of jurisdiction. As a result, Mr. Perez withdrew such Petition for Review. (A copy of such denial and withdrawal are attached as Exhibits "D").

Finally, no District Court has addressed the merits of this case. Petitioner remains in custody of the ICE, such custody commencing on or about January 18, 2004, just after Mr. Perez' appeal before the Board of Immigration Appeals. **Although this matter commenced on or about April, 1997 before the immigration judge of the Executive Office of Immigration Review, Mr. Perez was never placed in custody until most recently.**

## VENUE

2. The United States District Court of Massachusetts is the appropriate venue for this matter based on the following: a) The decision of the Immigration Judge in this case was

effected in Boston, Massachusetts; b) Prior to being placed in custody on or about January 18, 2004, Mr. Perez resided in Lawrence, Massachusetts with his U.S. Citizen wife and two U.S. Citizen children; and c) Respondents' the Interim Director of ICE and the Department of Homeland Security who have the authority to remove Mr. Perez from the United States maintain their principal place of business in Boston, Massachusetts.

## PARTIES

3. Mr. Perez is a native and citizen of the Dominican Republic. **He entered the United States as a Legal Permanent Resident in 1977 and has remained a Permanent Residence of the United States for the past Twenty-Six (26) years. Prior to being detained, he resided in Lawrence, Massachusetts in his own home with his U.S. Citizen wife and two U.S. Citizen children, Eleven (11) and Two (2) years old. Such wife and children desperately rely upon him for both financial and emotional support.** (The Affidavit of his Citizen wife, Roxanna Rivera with her Birth Certificate, Marriage Certificate and Birth Certificates of the couple's two children are attached as Exhibits "E"). Mr. Perez also has three additional U.S. Citizen children with his prior wife, one of whom died in a car accident while living with Mr. Perez and his family.

4. Respondent, John Ashcroft is being sued in his official capacity as the Attorney General of the United States. In such capacity, he is responsible for the administration of the immigration laws, pursuant to 8 U.S.C. Section 1101. Such authority includes wide discretion to grant various relief to aliens.

5. Respondent, Michael Garcia, is being sued in his official capacity as the Assistant Secretary of the Bureau of Immigration and Customs Enforcement. In such capacity, he is responsible for the administration of the immigration laws and has executive authority over the ICE.

6. The Respondent, Department of Homeland Security (hereinafter "DHS" and the Bureau of Immigration and Customs Enforcement are the agencies responsible for enforcing the

Immigration and Nationality Act (hereinafter "INA").

7. Respondent, Steven J. Farquason, is the Interim Director of the U.S. Bureau of Immigration and Customs Enforcement (hereinafter "ICE") for the District of Massachusetts and is has the statutory duty to administer and enforce all of the functions, powers and duties of the ICE.

## FACTS AND ARGUMENT

8. This case commenced in April, 1997 when Mr. Perez first presented himself in front of an immigration judge in Boston, Massachusetts. Deportation charges were raised against Mr. Perez due to **his 1994 plea of guilty to a <u>1985</u> charge** of conspiracy to distribute cocaine. **Mr. Perez has had no subsequent criminal convictions.**

9. As Mr. Perez was granted Legal Permanent Resident status in 1977 and tendered a plea of guilty in 1994, Mr. Perez asserted that he was eligible to file an application for a waiver of deportation pursuant to Section 212 (c) of the INA, 8 U.S.C. Section 1182 (c). Based upon <u>INS v. St. Cyr</u>, 553 U.S. 289, 121 S. Ct. 2271, 150 L.Ed. 2d 347 (2001), Mr. Perez was finally deemed eligible to file for such relief. As a result, on July 8, 2003, the immigration judge heard Mr. Perez' case.

10. Once an individual is deemed eligible to file for such relief, the immigration judge must weigh the following factors against any negative factors in a case to determine if an individual merits a grant of his application for a waiver of deportation: a) Proof of rehabilitation if a criminal record exists; b) Family ties in the United States; c) Long duration of residence in the United States; d) Hardship to both Mr. Perez and his family if he were deported; e) History of employment; f) Existence of business or property ties; and g) Other evidence relating to good character. See **Matter of Marin**, 16 I&N Dec. 581 (BIA 1978) ; See also **Matter of Edwards**, Int. Dec. 3134 (BIA 1990), **(where the BIA also held that rehabilitation is not a pre-requisite to be granted a 212 (c) waiver, <u>but is only</u>**

one factor). See also **Yepes Prado v. INS**, 10 F.3d 1363, 1372 (9th Cir. 1993) (where the court held that rehabilitation can be demonstrated by the absence of subsequent criminal conduct; and **Guillen Garcia v. INS**, 999 F.2d 199 (7th Cir. 1993) (where the court reversing the decision of the BIA and the immigration judge held that an individual's denial of guilt as to a criminal conviction based upon a plea **does not constitute a lack of rehabilitation. Moreover, rehabilitation alone, cannot be used as a sole factor to deny an individual's application for a waiver**).

11. Unfortunately in the case at bar, the immigration judge as affirmed by the Board of Immigration Appeals denied Mr. Perez' application for a 212 (c) waiver for precisely the reason proscribed by the above-referenced cases. **As stated by the immigration judge in this case, "Since the respondent denies culpability with regard to this offense, clearly he cannot demonstrate any rehabilitation"**. (Decision of the immigration judge, Pgs. 6-7, Exhibit "A").

12. In his decision, the immigration judge acknowledged that Mr. Perez did live in the United States as a Permanent Resident for more than Twenty-Six (26) years, had a Citizen wife and two U.S. Citizen children, ages two (2) and eleven (11) with whom he resided, owned his own home with his wife, had no criminal conviction since his plea in 1994, and his deportation would cause great hardship to his wife and children who rely upon him both financially and emotionally.

13. Nonetheless, the immigration judge's inability to accept the fact that Mr. Perez pled guilty to a criminal offense in 1994 upon the advice of his attorney, though he denied that he committed such offense caused the judge to deny Mr. Perez' waiver based on the inability to demonstrate "rehabilitation". The immigration judge's only other negative factor was the fact that Mr. Perez did not file taxes from 1990 through 1995, though he was incarcerated for the later part of such time period. (See Decision of the immigration judge).

14. This blatant departure by the immigration judge from the clear precedent set by the BIA is not addressed nor explained. The basis for such a decision is arbitrary and a clear violation of Mr. Perez constitutional right to due process, thus preventing Mr. Perez from having a full and fair hearing on his case. **Rust v. Sullivan**, 500 U.S. 173, 186-187, 111 S. Ct. 1759, 1768-1769, 114 L. Ed. 2d 233 (1991); See also **St. Forth v. Ashcroft**, 329 F.3d 191, 203 (1st Cir. 2003). See also **Davila Bardales v. INS**, 27 F.3d 1, 5 (1st Cir. 1994).

15. Habeas Corpus jurisdiction is available for precisely this type of constitutional and legal claim. **St. Forth v. Ashcroft**, 329 F.3d 191 (1st Cir. 2003); **Mahadeo v. Reno**, 226 F.3d 3 (1st Cir. 2000); and **Goncalves v. Reno**, 144 F.3d 110 (1st Cir. 1998), **cert. denied**, 526 U.S. 1004, 119 S. Ct. 1140, 143 L. Ed. 2d 208 (1999).

## STAY OF DEPORTATION ON AN EMERGENCY BASIS/ORDER FOR RELEASE

16. For the following reasons, Mr. Perez respectfully requests that this Honorable Court grant his Motion for a Stay of Deportation on an Emergency Basis and for Release from Custody:

### A. There is a strong likelihood that Mr. Perez shall prevail on the merits of this Complaint.

As set out above, the immigration judge's decision as affirmed by the BIA constitutes a radical departure from the agency's own clear precedents as to the legal criteria it must follow when assessing an individual's application for a 212(c) waiver. The immigration's judge's finding that Mr. Perez was unable to demonstrate rehabilitation due to his claim that he pled guilty in 1994, not because he committed the crime but instead due to the advice of his attorney, directly contradicts the BIA's holding in **Matter of Edwards**, Int. Dec. 3134 (BIA 1990) and **Matter of Marin**, 16 I&N Dec. 581 (BIA 1978). Moreover, the immigration judge's wholesale reliance on this erroneous assessment of a lack of rehabilitation particularly when presented with Mr. Perez' more than twenty six years of

legal permanent residence, five U.S. Citizen children, U.S. Citizen wife, ownership of his own home, extreme hardship to his wife and two children with whom he resides if he were deported, and finally, the lack of any criminal conviction since 1994, further contradicts the legal standard set in such BIA precedents.

### B. Irreparable Harm Shall Occur if the Stay of Deportation is not Granted.

The record clearly demonstrates the extreme hardship that his wife and two U.S. Citizen children, ages two and eleven would face if Mr. Perez were deported from the United States. (See Exhibits "D", Affidavit of Mr. Perez' wife and attachments, and the decision of the immigration judge, Exhibit "A"). As confirmed in such documentary record, Mr. Perez' wife and children rely upon him both financially and emotionally and would be devastated if he were deported. Moreover, apart from his family, Mr. Perez himself would suffer irreparable harm, not only from being wrenched away from his family, but also from the country where he has been a Legal Permanent Resident for more than Twenty Six (26) years. This is a right which demands that he been granted the due process right to a full and fair hearing where the precedents set by both the Board of Immigration Appeals and the immigration court itself are followed.

### C. The Substantial Harm to Mr. Perez and his Family if this Stay of Deportation is Not Granted Outweighs any Harm to the Government.

As set out above, Mr. Perez was only recently placed in detention due to the denial of his case by the Board of Immigration Appeals. Since 1997 when he first appeared before the immigration judge in Boston, Massachusetts, he was never detained, never missed any of his immigration hearing dates, nor was ever deemed to be dangerous in any manner or form. A Stay of Deportation and Order for Release shall only save the government the expense and effort required to keep Mr. Perez in detention. A Stay of Deportation and Release shall not prejudice the government in any manner,

but instead shall reunite a very close family where each member relies upon the other for both the emotional and financial support necessary to survive in this modern world.

D. **A Grant of a Stay of Deportation is in the Public Interest.**

There is a strong public policy interest in protecting those Legal Permanent Residents in the United States who have resided here for such a long time and who have U.S. Citizen children and a wife to support both emotionally and financially. As Mr. Perez has substantial constitutional claims as to the denial of his right to due process and a full and fair hearing, there is no reason to force his wife to be a single mother with two children particularly when there is a father and husband who is willing and able to support his family and preserve the love so necessary to keep such family together.

**WHEREFORE,** Mr. Perez respectfully prays this Honorable Court to do the following:

1. Assume jurisdiction over this matter;
2. Issue an immediate Stay of Deportation pending the resolution of this Petition and Complaint thus preventing the removal of Mr. Perez from the United States pending any further order of this Honorable Court;
3. Declare that the Board of Immigration Appeals affirmation of the decision of the immigration judge was made in error and reverse such decision by either remanding this case back to the immigration judge in Boston, Massachusetts for further proceedings, or by granting Mr. Perez' 212(c) waiver;
4. Award reasonable costs and/or attorneys' fees; and
5. Grant such further relief as the Court deems just and proper.

|  |  |
|---|---|
| DATED: February 9, 2004 | Respectfully Submitted,<br>Abraham PEREZ-HENRIQUEZ<br>By his attorney<br><br>_____<br>Steve J. Gutherz, Esq.<br>675 Massachusetts Avenue<br>9th Floor<br>Cambridge, MA 02139<br>(617) 868-2030<br>BBO# 545996 |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.

| | |
|---|---|
| ABRAHAM PEREZ-HENRIQUEZ | ) |
| | ) |
| Petitioner/Plaintiff | ) |
| | ) |
| | ) |
| | ) |
| JOHN ASHCROFT, Attorney General | ) |
| MICHAEL GARCIA, Assistant Secretary | ) |
| Of the Bureau of Immigration and Customs | ) |
| Enforcement; and STEVEN J. FARQUASON, | ) |
| Interim Director, U.S. Bureau of Customs | ) |
| Enforcement | ) |
| | ) |
| Respondents/Defendant | ) |

**CERTIFICATE OF SERVICE**

I, Steve J. Gutherz, Esq., do hereby certify that on this 9th day of February, 2004, I served a copy of the attached Complaint for Declaratory Relief, An Emergency Stay of Deportation, A Petition for a Writ of Habeas Corpus, and an Order For Petitioner's Release from Custody BY HAND upon attorneys for Respondents, John Ashcroft, Michael Garcia and Steven J. Farquason: Michael J. Sullivan, U.S. Attorney, U.S. Attorneys Office, U.S. Courthouse, 1 Courthouse Way, Suite 9200, Boston, MA 02210; and Frank Crowley, Esq., Office of the District Counsel, Department of Homeland Security, JFK Federal Building, Room 425, Boston, MA 02203.

Steve J. Gutherz, Esq.
675 Massachusetts Avenue
9th Floor
Cambridge, MA 02139
(617) 868-2030
BBO# 545996