```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

ABRAHAM PEREZ-HENRIQUEZ,       )
     Petitioner,               )     CIVIL ACTION NO.
                               )     04-10262-DPW
                               )
                               )
JOHN ASHCROFT, ET AL.,         )
     Respondents.              )
                               )
                               )
```

                        MEMORANDUM AND ORDER
                          February 11, 2004

    Petitioner in this habeas corpus proceeding under 28 U.S.C. § 2241 was convicted of an aggravated felony.  He has been ordered deported, and an Immigration Judge had declined to provide a waiver of deportation under section 212(c) of the Immigration and Nationality Act.  The Immigration Judge's decision has been affirmed by the Board of Immigration Appeals.  The United States Court of Appeals for the First Circuit citing IRRIRA § 309(c)(4)(G) held that it lacked jurisdiction to review this discretionary determination on the merits.

    Petitioner's resort to this court to obtain merits review of the discretionary determination of the Immigration Judge is similarly unavailing.  Whatever residuum of authority may exist for habeas corpus review of constitutional or statutory claims arising in this setting, such a petition is not available to provide judicial review of the merits of a discretionary determination under section 212(c).  Nor can the instant petition--even with its formulaic invocation of claims of

constitutional due process--be fairly read to invoke such residuary habeas corpus jurisdiction. A petitioner may not challenge the agency's decision to exercise or not exercise its discretion to grant relief. Carranza v. INS, 277 F.3d 65, 71 (1st Cir. 2002). That, in essence, is what petitioner is doing here. As a consequence, I lack habeas corpus jurisdiction to hear his claim. I also conclude, contingently if petitioner is conceived to have raised a colorable constitutional claim, that there is ultimately no merit to petitioner's constitutional due process claim. Cf. Saint Fort v. Ashcroft, 329 F.3d 191 (1st Cir. 2003).

    Accordingly, the Clerk is directed to dismiss this action.

/s/ Douglas P. Woodlock

_____
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE